UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORA J. LEWIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:06-CV-1475-AH |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security,[1] | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the written consent of the parties to proceed before a United States Magistrate Judge and the District Court's Transfer Order filed on October 31, 2006, in accordance with the provisions of 28 U.S.C. § 636(b), came on to be considered Plaintiff Nora J. Lewis' action brought under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of Plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 423.

Procedural History: On November 17, 2004, plaintiff Nora Lewis filed an application for disability insurance benefits and Supplemental Security Income ("SSI") benefits, claiming disability due to a right knee problem, a heart attack and high blood pressure. (Administrative Record (hereinafter "Tr.") at 81-85, 274-77). Plaintiff alleged a disability onset date of July 16, 2004. (Tr. at 81, 274). At the hearing before the Administrative Law Judge ("ALJ"), plaintiff amended her applications to reflect a disability onset date of November 14, 2004. (Tr. at 308).

The Administrative Law Judge ("ALJ") conducted a hearing on January 19, 2006. (Tr. at

---

[1] Effective February 12, 2007, Michael J. Astrue was named the Commissioner of Social Security. The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

304-335). On April 18, 2006, the ALJ denied Plaintiff's request for benefits, finding that she was not disabled because she retained the residual functional capacity ("RFC") to perform her past relevant work. (Tr. at 25-26).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on July 25, 2006, the Appeals Council denied her request. (Tr. at 6). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on August 15, 2006. Defendant filed his answer on October 18, 2006. On December 29, 2006, Plaintiff filed her brief, followed by Defendant's brief on February 16, 2007 and Plaintiff's reply brief on March 2, 2007.

<u>Standard of Review - Social Security Claims</u>: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

Discussion:    To prevail on a claim for disability insurance or SSI benefits, a claimant bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505, 416.905(a). Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 416.910.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§404.1520, 416.920. Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In this case, the ALJ proceeded to step four, finding that Plaintiff's coronary artery disease, osteoarthritis of both knees and obesity are severe impairments but that Plaintiff retained the capacity to perform her past relevant work as a desktop publisher, also known as a computer typesetter-keyliner. (Tr. at 25). He therefore denied Plaintiff's request for benefits. (Tr. at 26).

Plaintiff takes issue with the ALJ's credibility determination regarding subjective complaints of pain. The ALJ concluded that Plaintiff's testimony regarding her subjective

complaints of pain "was somewhat credible, but she exaggerated her symptoms." (Tr. at 23, 25). "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). The determination whether a claimant is able to work despite some pain "is within the province of the administrative agency and should be upheld if supported by substantial evidence." *Id.* Moreover, pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994).

Plaintiff argues that the ALJ improperly disregarded the testimony of Plaintiff's sister, Jackie McVale. While the ALJ may not have included details from Ms. McVale's brief testimony, he referenced her testimony in his opinion and stated that he considered Ms. McVale's testimony alongside the testimony of Plaintiff and the experts who testified at the hearing. (Tr. at 17, 18). Further, to the extent the ALJ rejected Ms. McVale's testimony, doing so was within his discretion – he was not required to believe her. *See Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981) (holding that while ALJ may not merely disregard the testimony of the claimant, friends, family and co-workers regarding a claimant's subjective symptoms, the ALJ is not *required* to believe testimony regarding a claimant's pain or other symptoms). The ALJ does not err in rejecting such statements confirming allegations of pain as "the observations of an individual, particularly a lay person, may be colored by sympathy for the affected relative or friend and influenced by that person's exaggeration of his limitation." *Harrell v. Bowen*, 862 F.2d 471, 482 (5th Cir. 1988).

Plaintiff also argues that the ALJ erred in not considering Plaintiff's work history in his

4

determination of Plaintiff's credibility. In his credibility determination, the ALJ is not required to detail each piece of evidence he rejects. *Falco*, 27 F.3d at 163. The ALJ adequately explained his reasons for rejecting Plaintiff's complaints, citing the lack of objective medical evidence supporting Plaintiff's claim that she could not work 8 hours a day, 5 days a week and Plaintiff's failure to pursue medical treatment for her alleged symptoms. (Tr. at 23). The ALJ is not required to discuss a claimant's work history in his credibility assessment.

Plaintiff next argues that the ALJ erred in relying on Plaintiff's recent failure to seek medical treatment without first considering that Plaintiff was unable to afford such treatment. In his assessment of Plaintiff's credibility, the ALJ noted that Plaintiff had not received treatment for her knee condition since October 9, 2002, nor treatment of her coronary artery disease since January 26, 2005. (Tr. at 23). An ALJ may not use a claimant's inability to afford the prescribed treatment to show she is not disabled. *See Sanders v. Apfel*, 136 F.3d 137, 137 (5th Cir. 1998). Here, however, Plaintiff offered no evidence that she was unable to afford additional doctor visits relating to her knee condition or coronary artery disease. In any event, the absence of treatment was not the only piece of evidence upon which the ALJ relied in his credibility assessment. In his decision, the ALJ also properly discussed several of the SSR 96-7p credibility assessment factors including Plaintiff's daily activities, the characteristics of Plaintiff's symptoms, and the treatment that she received for the condition. (Tr. at 20-23). Therefore, even disregarding the fact that Plaintiff failed to pursue medical treatment for her alleged disabling conditions, substantial evidence supports the ALJ's decision. *See Sanders*, 136 F.3d at 137 (affirming ALJ decision despite error of ALJ in using claimant's failure to seek additional treatment as evidence that she was not disabled).

Plaintiff argues that the ALJ misapplied the law in disregarding Plaintiff's subjective complaints solely because they were not substantiated by objective medical evidence. In the Fifth Circuit, as discussed above, an ALJ must give reasons for rejecting claimant's subjective testimony regarding pain only where the *evidence clearly favors the claimant*. *Falco*, 27 F.3d at 163. This is not such a case – the substantial medical evidence supports a finding of no disability. In addition, "[t]he Act, regulations and case law mandate that the Secretary require that subjective complaints be corroborated, at least in part, by objective medical findings." *Harrell*, 862 F.2d at 481; *see also Chambliss*, 269 F.3d at 522 (upholding ALJ's determination, based solely on medical records, that claimant's complaints of chest pain were not entirely credible in light of physicians' reports and medical history). The ALJ did not err in concluding that such corroboration was not present in this case.

The ALJ evaluated Plaintiff's testimony in light of all the objective medical evidence and concluded that the evidence did not support Plaintiff's allegation of disabling knee and heart problems, but rather supported the consulting physicians' conclusions that, despite Plaintiff's alleged symptoms, Plaintiff could perform the sedentary work required of her previous position as a desktop publisher. It is the province of the ALJ to make credibility determinations and to resolve any conflicts in the evidence. At bottom, the ALJ found the objective medical evidence more persuasive than Plaintiff's testimony. "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). Based upon the medical records in evidence and the testimony at the hearing, the court finds that substantial evidence supports the ALJ's determination that Plaintiff's alleged pain was not substantial enough to prevent Plaintiff from performing the work required in her previous

position as a desktop publisher. The court defers to the credibility assessment of the ALJ in this case.

In her reply, Plaintiff asks the court to remand her claim for consideration of new evidence. She filed a subsequent disability claim which resulted in a favorable determination on February 12, 2007, wherein Plaintiff was found to be disabled as of April 9, 2006, nine days before the ALJ issued his decision in this case. Plaintiff argues that the evidence submitted with her later application is relevant to the time frame subsequent to November 14, 2004, the onset date of her disability alleged in the application at issue in this case. "New evidence may be grounds for remand if it is material; this materiality inquiry requires determining whether the evidence relates to the time period for which the disability benefits were denied, and whether there is a reasonable probability that the new evidence would change the outcome of the Commissioner's decision." *Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003). Plaintiff must also demonstrate good cause for her failure to incorporate the evidence into the record in the prior proceeding. 42 U.S.C. § 405(g); *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989). Plaintiff has submitted the documents considered on her second disability claim for the court's review. Only a few of these documents were not before the ALJ in this case. Those documents that were not provided to the ALJ include November 13, 2005 notes from a follow-up appointment at Parkland Hospital. (Supplemental Appendix pages 85-86). Plaintiff complained of right knee pain with ambulation and stated that her medication was not controlling the pain. The treating physician prescribed naproxen for Plaintiff's pain. The remaining new documents contain no information relevant to the disability determination and are primarily documents from Methodist Hospital that appear to have been mistakenly omitted from the records submitted to

7

the ALJ (i.e., second or third pages of reports where only the first page was previously submitted). (Supplemental Appendix pages 99, 100, 103-04, 113-16). Nothing in these new documents appears likely to change the Commissioner's decision that Plaintiff was not disabled during the relevant time period and Plaintiff has not demonstrated good cause for her failure to submit these documents to the ALJ or to the Appeals Council. Therefore, Plaintiff's request for a remand to consider this new evidence should be denied.

For the reasons discussed above, there is substantial evidence supporting the ALJ's decision and the defendant is entitled to judgment dismissing Plaintiff's complaint with prejudice.

Signed this 19th day of December, 2007.

_____
Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE